# EXHIBIT B

# COMPLAINT FOR DAMAGES TO TRANS UNION, LLC

```
 1  SCOTT J. SAGARIA (BAR # 217981)
    ELLIOT W. GALE (BAR #263326)
 2  JOSPEH B. ANGELO (BAR #268542)
    SCOTT M. JOHNSON (BAR #287182)
 3  SAGARIA LAW, P.C.
    2033 Gateway Place, 5th Floor
 4  San Jose, CA 95110
    408-279-2288 ph
 5  408-279-2299 fax

 6  Attorneys for Plaintiff
```

ENDORSED FILED
AUG -4 2015
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

LIMITED JURISDICTION > $25,000.00

**115CV283960**

| | |
|---|---|
| TONETTA WADE, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| v. | 1. Violation of Fair Credit Reporting Act; |
| Experian Information Solutions, Inc.; Equifax, Inc.; TransUnion, LLC; Acceptance Now, LLC; Boeing Employee Credit Union; Springleaf Financial Services, Inc.; TD Bank USA, National Association; Verizon Communications, Inc.; Wells Fargo Dealer Services, Inc.; Wells Fargo Home Mortgage, Inc.; Barclay's Bank Delaware; HSBC Holdings plc; Kohl's Corporation; Escallate, LLC; International Computer Systems, Inc.; Stellar Recovery, Inc.; TransWorld Systems, Inc.; Bryant, Inc. and DOES 1 through 100 inclusive, | 2. Violation of California Consumer Credit Reporting Agencies Act; <br> 3. Violation of California Unfair Business Practices Act <br> 4. Demand Exceeds $10,000.00 |
| Defendants. | |

COMES NOW Plaintiff TONETTA WADE, an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

## JURISDICTION & VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.
3. This Court has jurisdiction under California Civil Procedure Code §410.10
4. This venue is proper pursuant to California Civil Procedure Code § 395.5

## GENERAL ALLEGATIONS

5. Plaintiff filed for Chapter 7 bankruptcy protection on November 25th, 2014 in order to reorganize and repair Plaintiff's credit. Plaintiff's Chapter 7 bankruptcy was discharged on March 2nd, 2015.
6. On April 16th, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting.
7. Plaintiff noticed several tradelines all reporting misleading and or inaccurate balances or past due balances owed on the account and or listed the account as open, in collections, transferred and or charged off rather than discharged in Bankruptcy.
8. In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

9. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

10. Defendants Acceptance Now, LLC; Boeing Employee Credit Union; Springleaf Financial Services, Inc.; TD Bank USA, National Association; Verizon Communications, Inc.; Wells Fargo Dealer Services, Inc.; Wells Fargo Home Mortgage, Inc.; Barclay's Bank Delaware; HSBC Holdings plc; Kohl's Corporation; Escallate, LLC; International Computer Systems, Inc.; Stellar Recovery, Inc.; TransWorld Systems, Inc. and Bryant, Inc. failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc.; Equifax, Inc; and TransUnion LLC a *misleading* and or *inaccurate* balances or past due balances owed on the accounts, monthly payment, and or listed the accounts as open, in collections, transferred and or charged off rather than discharged in Bankruptcy.

11. Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from Equifax, Inc. that failed to properly address the inaccuracies.

12. Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Experian Information Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

13. TransUnion, LLC failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from TransUnion, LLC that failed to properly address the inaccuracies.

14. On June 18th, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting.

15. Plaintiff's account was in dispute but the furnisher; Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

16. The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

17. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

18. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

19. The actions of the Defendant as alleged herein are acts in violation of the California Business and Professions Code § 17200.

### FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC- Failure to Reinvestigate Disputed Information.**

20. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

21. After plaintiff disputed the accounts mentioned above, defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendants were required to send all relevant information to the furnishers which they did not do based on the reinvestigation report Plaintiff received.

22. In its reinvestigation report Equifax, Inc. and TransUnion, LLC failed to update the misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, in collections, transferred and or charged off rather than discharged in Bankruptcy.

Acceptance Now, LLC; Boeing Employee Credit Union; Springleaf Financial Services, Inc.; TD Bank USA, National Association; Verizon Communications, Inc.; Wells Fargo Dealer Services, Inc.; Wells Fargo Home Mortgage, Inc.; Barclay's Bank Delaware; HSBC Holdings plc; Kohl's Corporation; Escallate, LLC; International Computer Systems, Inc.; Stellar Recovery, Inc.; TransWorld Systems, Inc. and Bryant, Inc. – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.

23. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

24. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

25. Defendants Acceptance Now, LLC; Boeing Employee Credit Union; Springleaf Financial Services, Inc.; TD Bank USA, National Association; Verizon Communications, Inc.; Wells Fargo Dealer Services, Inc.; Wells Fargo Home Mortgage, Inc.; Barclay's Bank Delaware; HSBC Holdings plc; Kohl's Corporation; Escallate, LLC; International Computer Systems, Inc.; Stellar Recovery, Inc.; TransWorld Systems, Inc. and Bryant, Inc. violated section 1681s-2 by failing to conduct a reasonable investigation and re-reporting misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred, in collections and or charged off rather than discharged in Bankruptcy. Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC provided notice to the defendants that Plaintiff was disputing the inaccurate or

misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

26. All Defendants re-reported to the bureaus the misleading and or inaccurate information as seen in Plaintiff's reinvestigation reports.

### SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

Acceptance Now, LLC; Boeing Employee Credit Union; Springleaf Financial Services, Inc.; TD Bank USA, National Association; Verizon Communications, Inc.; Wells Fargo Dealer Services, Inc.; Wells Fargo Home Mortgage, Inc.; Barclay's Bank Delaware; HSBC Holdings plc; Kohl's Corporation; Escallate, LLC; International Computer Systems, Inc.; Stellar Recovery, Inc.; TransWorld Systems, Inc. and Bryant, Inc. – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

27. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

28. Defendants Acceptance Now, LLC; Boeing Employee Credit Union; Springleaf Financial Services, Inc.; TD Bank USA, National Association; Verizon Communications, Inc.; Wells Fargo Dealer Services, Inc.; Wells Fargo Home Mortgage, Inc.; Barclay's Bank Delaware; HSBC Holdings plc; Kohl's Corporation; Escallate, LLC; International Computer Systems, Inc.; Stellar Recovery, Inc.; TransWorld Systems, Inc. and Bryant, Inc. intentionally and knowingly reported misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred, in collections and or charged off rather than discharged in Bankruptcy to Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. Plaintiff alleges that Creditors re-reported misleading and or

inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred, in collections and or charged off rather than discharged in Bankruptcy to Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC in violation of California Civil Code § 1785.25(a).

29. Plaintiff also alleges that Creditors had reason to know that the information reported on Plaintiff's accounts were misleading and or inaccurate.

30. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and or inaccurate reporting.

31. Creditors failed to notify Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

32. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

33. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

34. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditors and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.
59. Plaintiff brings this action in individual capacity and on behalf of the general public.
60. Creditors at all times relevant to this Complaint were engaged in the business of collections and providing services on credit to qualified applicants.
61. Commencing on or about November 25th, 2014 and continuing to the present, Creditors committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.
62. These unlawful business practices of the Creditors are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.
63. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore unlawful business practices within the meaning of Business and Professions Code § 17200.
65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:
   a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;
   b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;
   c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31
   d. Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;
   e. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. §

1681n & o; California Civil Code § 1785.31;

f. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

g. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

SAGARIA LAW, P.C.

Dated: July 14, 2015         By: _____
                                  Scott Sagaria, Esq.
                                  Elliot Gale, Esq.
                                  Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: July 14, 2015         /s/ Elliot Gale
                             Scott Sagaria, Esq.
                             Elliot Gale, Esq.
                             Attorneys for Plaintiff